UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:23-MJ-9107-RHH |
| | ) | |
| EDDIE LOVE, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S**
**MOTION FOR PRETRIAL DETENTION AND HEARING**

COMES NOW the United States of America and moves the magistrate judge to order defendant detained pending trial. The United States of America states as follows in support of its motion:

1. Under the Bail Reform Act of 1984, 18 U.S.C. § 3142(e), a defendant may be detained without bail prior to trial where, after a hearing, a judicial officer finds that the United States has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community. In the alternative, the United States may show by a preponderance of the evidence that defendant is a risk of flight. Stated another way, no condition or set of conditions will reasonably assure the defendant's appearance. *See* 18 U.S.C. § 3142(c), (e)-(f); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (*citing United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (*quoting United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc))); *United States v. Dorsey*, 852 F.2d 1068, (8th Cir. 1988); *United States v. Lewis*, 676 F. Supp. 1008, 1018 (E.D. Mo. 1991); *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987).

2. Furthermore, the Bail Reform Act describes the factors to be considered in determining whether the required conditions of release exist. 18 U.S.C. § 3142(g). The court is directed to take into consideration the available information concerning:

> (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence…or involves a…firearm, explosive, or destructive devise;
>
> (2)   the weight of the evidence against the person;

> (3) the history and characteristics of the person, including -- (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings…;
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…*Id*.

In doing so, it is appropriate for this court to consider challenged evidence in ruling on a motion for pretrial detention. *United States v. Apker*, 964 F.2d 742, (8th Cir. 1992) (citing 18 U.S.C. § 3142(f) (rules concerning admissibility of evidence in criminal trials do not apply in detention hearings); *United States v. Angiulo*, 755 F.2d 969, 974 (1st Cir. 1985) (challenged information via electronic surveillance may be considered regarding detention ruling at least until court determines information was illegally obtained)).

      3. Detention is appropriate pursuant to Title 18, United States Code, Sections 3142(g)(1), 3142(g)(2), 3142(g)(3) and Section 3142(g)(4). The nature and circumstances of the offenses merit detention. Defendant is charged with violent crimes. The charges "are of the gravest order, including predicate acts of murder..." *United States v. Zannino*, 798 F.2d 544, 547 (1st Cir. 1986). As set forth in the complaint affidavit, defendant participated in an on-going drug conspiracy on May 6-7, 2023. Defendant was armed. During the course of the conspiracy, defendant, among other things, shot and killed Deceased Victim 1, an 18-year-old female who suffered apparent gunshot wounds to her neck and right shoulder. Defendant shot and killed Deceased Victim 2, an 18-year-old female who suffered apparent gunshot wounds to her head and back. Defendant shot and gravely injured Victim 3, a 17-year-old female who was approximately 30 weeks pregnant at the time of the incident and suffered apparent gunshot wounds to her right arm, right side, back, left leg, and abdomen. Defendant shot and gravely injured Victim 4, a 17-year-old female who was approximately 10 weeks pregnant at the time of the incident and suffered apparent gunshot wounds to her left shoulder and head. Defendant shot and gravely injured Victim 5, a child carried by Victim 3 and delivered by c-section on or about May 7, 2023, who suffered apparent gunshot injuries and other trauma discovered upon delivery. The criminal complaint constitutes a determination of probable cause that each of these acts occurred and was committed by defendant. *See United States v. Strickland*, 932 F. 2d 1353, 1354 (10th Cir. 1991). The violent nature and circumstances of the offenses merit detention.

4. The weight of the evidence against defendant is strong and supports detention. As detailed in the complaint affidavit, defendant's communications and movements on May 6-7, 2023, have been tracked through electronic means. This electronic evidence connects defendant to the offenses charged. Furthermore, a search warrant was executed at a residence associated with defendant on May 12, 2023. Defendant was present inside the residence at the time of execution and taken into custody. A search of the residence occurred. During the course of the search, investigators located and seized, among other things: (a) the vehicle used during the commission of the crimes charged; (b) several cellular telephones, including one believed to be used by defendant to communicate with Deceased Victim 1; (c) clothing worn by defendant on May 6-7, 2023, that had been secreted inside a trash can; (d) a nine-millimeter caliber firearm, which is the same caliber firearm used to commit the murders and shootings; (e) one or more spent nine-millimeter caliber shell casings; (f) two additional firearms; and (g) marijuana.

5. Defendant's personal characteristics are troubling. In addition to being a murder, a search of available law enforcement databases related to defendant's criminal history has determined that, among other things, defendant has been previously convicted for trafficking drugs second degree in Sant Louis City Circuit Court Case Number 220510016201 and was sentenced to five years' confinement. Defendant was also convicted for two counts of robbery first degree and two counts of armed criminal action in Saint Louis City Circuit Court Case Number 220610009501 and was sentenced to 15 years' and 20 years' confinement, respectively. Defendant is presently on court supervision with the State of Missouri. Upon information and belief, defendant has also been arrested but not convicted of assault on school property; tampering with a motor vehicle first degree; stealing of a motor vehicle; unlawful use of a weapon; and possession of a controlled substance. Likewise, defendant was on state court supervision at the time his most-recent crimes were committed. To this point, the United States reserves the right to supplement its information in this regard based upon additional information compiled by the pretrial services office.

6. Danger to the community may be established by presenting "significant evidence linking [the defendant] to the violent crime for which he was indicted." *Abad*, 350 F.3d at 797 (*citing Mercedes*, 254 F.3d at 435, 438). Strong evidence exists linking each defendant to the drug conspiracy, murders, and shootings. Furthermore, the discharge of a firearm strongly suggests that defendant remains capable of being a danger to any person of the community if released. *See United States v. Moonda*, 2006 WL 2225822 at *8 (N.D. Ohio 2006). The United States has established that link.

Second, defendant is a danger to any co-conspirators and surviving victims as well as, potentially, their families and friends. To release defendant, now that he has been indicted for these significant crimes would be dangerous to the community.

7.      Defendant is a risk of flight.  Under the complaint, defendant is facing charges carrying life imprisonment or imposition of the federal death penalty.  The substantial punishment defendant is facing at the federal level where parole has been abolished provides an overwhelming incentive to flee to avoid prosecution.  *See United States v. Kaplan*, Case No. 4:06CR337 CEJ (E.D. Mo. June 13, 2007) (Medler, J.) (defendant detained where, among other things, maximum amount of over 70 years of imprisonment provided incentive to flee) (*citing United States v. Martir*, 782 F.2d 1141, 1147 (2nd Cir. 1986) (maximum combined terms of imprisonment of a 105 years creates potent incentives to flee); *United States v. Arndt*, 329 F. Supp. 2d 182, 199 (D. Mass. 2004) (facing lengthy term of imprisonment is in itself an incentive to flee); *United States v. Lewis*, 767 F. Supp. 1008, 1010 (E.D. Mo. 1991) (facing severe sentence if convicted provides incentive to flee)).  In fact, a court's concern that the possibility of life imprisonment may heighten the risk of flight is relevant and a valid, singular basis for detention.  *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994) (no constitutional violation in long pretrial detention where prospect of lengthy term in prison provides great incentive to flee); *United States v. Gonzalez*, 995 F. Supp. 1299, 1303 (D. N.M. 1998); *United States v. Nichols*, 897 F. Supp. 542, 547 (W.D. Okla. 1995) (prospect of lengthy prison term, life imprisonment, or death penalty provides defendant with great incentive to flee).

8.      Lastly, if necessary, the United States requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the magistrate judge pursuant to Title 18, United States Code, Section 3142(f)(1)(B) because defendant has been charged with one or more offenses where the maximum term of imprisonment is life and pursuant to Section 3142(f)(1)(C) because defendant has been charged with one or more drug offenses under the Controlled Substances Act where the maximum term of imprisonment is 10 years or more.  There is also compelling evidence set forth above that there is a serious risk that defendant will flee pursuant to Section 3142(f)(2)(A).

Continuing the detention hearing three (3) days from the date of defendant's initial appearance will allow the parties and the magistrate judge the benefit of, among other things, having access to the complete information contained in the pretrial services report if the report is not yet completed by the time of defendant's initial appearance.

WHEREFORE, the United States respectfully requests this magistrate judge to order defendant detained prior to trial.

    Respectfully submitted,
SAYLER A. FLEMING
United States Attorney

/s/ Thomas Rea
ANGIE DANIS, #64805MO
THOMAS REA, #53245MO
Assistant United States Attorneys